IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CEDRIC LORENZO ANDERSON, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:14-CV-336-O |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed

by Petitioner, Cedric Lorenzo Anderson, a state pretrial detainee confined in the Tarrant County jail,

against Dee Anderson, Sheriff of Tarrant County, Texas, Respondent.  After considering the

pleadings and relief sought by Petitioner, the Court has concluded that the petition should be

dismissed on exhaustion grounds.

## I.  BACKGROUND

Petitioner has been indicted on two counts of indecency with a child and is awaiting trial in

Tarrant County, Texas, Case No. 1339101D.  The case is set for trial on July 28, 2014.  Resp't's

Mot. to Dismiss 2, ECF No. 16.  By way of this federal petition, Petitioner raises five grounds for

relief.[1]  Pet. 6-7 & Exs. B & C; Pet'r's Mem., ECF No. 1.  Respondent has filed a motion to dismiss

the petition for failure to exhaust state court remedies.  Resp't's Mot. to Dismiss 4-6, ECF No. 16.

---

[1]To the extent Petitioner seeks immediate release from confinement, federal habeas relief is the appropriate remedy.  However, to the extent Petitioner attempts to raise civil-rights claims, a habeas petition is not the appropriate federal remedy.  Pet. Ex. C, ECF No. 1.  *See* 42 U.S.C. § 1983.  Nor may Petitioner invoke federal habeas corpus jurisdiction to challenge California state proceedings, his parental rights, child custody or the other relief he seeks in his petition.  Pet. 7, ECF No. 1.  *Lehman v. Lycoming County Children's Services Agency,* 458 U.S. 502, 511-12 (1982).

**II. DISCUSSION**

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, Petitioner, who remains incarcerated in the Tarrant County jail on the pending criminal charges, is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. *See Saucier v. Warden*, 47 F.3d 426, 1995 WL 71331, at *1 (5th Cir. Jan. 27, 1995); *Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review[2] or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *See Deters*, 985 F.2d at 795; *Procunier,* 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pretrial detainee may not adjudicate the

---

[2]Either from conviction itself or from the disposition of a preconviction application for writ of habeas corpus. *See generally* Tex. Code Crim. Proc. Ann. arts. 11.07-11.09 (West 2005 & Supp. 2013).

merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

To excuse his failure to meet the exhaustion requirement, Petitioner asserts that "special circumstances" exist because he is being prosecuted by county officials in collaboration with family members, including his brother's wife, "an unreported sexual predator," resulting in bad faith prosecution and unlawful arrest, his children are being sexually assaulted by family members, state court remedies are ineffective, futile and would cause inordinate delay, a miscarriage of justice will occur because he is being blamed for the sexual abuse of his children instead of his family members, the state court is biased and prejudiced, and the state relied upon an "improper case standard" in its motion to dismiss. Pet'r's Declaration and Request for Traverse 2-10, ECF No. 17. Petitioner's alleged circumstances fail to warrant federal court interference in the normal functioning of the state's criminal processes. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Further, even if one or more of the claims presented in Petitioner's federal petition constitute possible defenses to the state charges, a federal court should abstain from considering those claims out of deference to the state courts. Texas has adequate and effective state procedures for review of Petitioner's constitutional claims in the event he is convicted of the present charges. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

In summary, Petitioner has not satisfied the exhaustion requirement as to the claims presented or shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized. *See Braden*, 410 U.S. at 493. After the state proceedings are

concluded, federal habeas proceedings can be instituted by Petitioner after he has exhausted his state remedies.  This petition should be dismissed without prejudice to his right to seek federal habeas corpus relief after the state proceedings are concluded.  Under the circumstances, dismissal is appropriate.  *See Deters*, 985 F.2d at 797.

**III.  CONCLUSION**

For the reasons discussed herein, Respondent's motion to dismiss is **GRANTED** and the petition of Petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice.  Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is denied.  All pending motions not previously ruled upon are **DENIED** as moot.

**SO ORDERED** on this **15th** day of **July, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**